United States District Court
Middle District of Florida
Jacksonville Division

**JEAN-PAUL CULIN,**

    *Plaintiff,*

V.                                                      NO. 3:15-CV-128-J-PDB

**COMMISSIONER OF SOCIAL SECURITY,**

    *Defendant.*

___

## Order Granting Counsel's Petition for Fee Authorization

Jean-Paul Culin's attorney, Chantal Harrington, Esquire, has filed a petition under 42 U.S.C. § 406(b) and 20 C.F.R. § 404.1728(b) asking for authorization to receive **$6578.50** in attorney's fees for her successful representation of him in this case. Doc. 25. The Commissioner of the Social Security Administration ("SSA") does not oppose the petition. Doc. 25 at 3. Culin's position is unknown.

### Background

Culin applied for benefits. Tr. 167–68. An Administrative Law Judge found no disability, and the Appeals Council denied his review request. Tr. 1–4, 27–38. Jessica Dumas, Esquire, represented him at the administrative hearing. Tr. 43.

Culin brought this case to challenge the SSA's decision. Doc. 1. He and Harrington entered into a standard contingent-fee agreement under which she agreed to represent him in this case, and he agreed to pay her 25 percent of any past-due benefits minus any attorney's fees paid under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Doc. 25-3.

Harrington filed a complaint, Doc. 1, and a 25-page brief, Doc. 16. The Commissioner filed an unopposed motion asking the Court to remand the case. Doc.

19. The Court granted the motion, reversed the denial of benefits, and remanded the case for further administrative proceedings. Doc. 20. The Court later awarded Culin **$3959.60** in EAJA fees based on 20.9 hours at $188.60 per hour for work in 2014 and $189.48 an hour for work in 2015 and **$420.10** in costs. Docs. 22, 23. Harrington did not receive the attorney's fees because the United States Department of the Treasury applied that amount to federal debts Culin owed. Doc. 25-1 at 3, 16; Doc. 25-5.

On remand, the SSA determined Culin was entitled to $50,314 in past-due benefits. Doc. 25-4 at 3. The SSA set aside 25 percent of the award (**$12,578.50**) for attorney's fees. Doc. 25-4 at 3. Dumas petitioned for **$6000** in fees for her work at the administrative level. Doc. 25 at 2. This petition followed. Doc. 25.

## Authority

Three provisions governing attorney's fees apply: 42 U.S.C. §§ 406(a) and (b) and the EAJA.

For representation during administrative proceedings, § 406(a) provides that an attorney may petition for fees, and the SSA must allow them if the claimant had been successful. In setting those fees, the SSA considers various factors. 20 C.F.R. § 404.1725(b). Alternatively, an attorney may file a contingent-fee agreement before the benefits ruling. 42 U.S.C. § 406(a)(2). If the ruling favors the claimant, the SSA generally will approve the agreement subject to the limitation that fees may not exceed 25 percent of past-due benefits or $6000, whichever is less. 42 U.S.C. § 406(a)(2)(A)(ii), (iii); 74 Fed. Reg. 6080 (Feb. 4, 2009).

For representation during court proceedings, § 406(b) provides that an attorney who succeeds in obtaining remand may petition for fees, and the court, as part of its judgment, may allow reasonable fees that do not exceed 25 percent of past-due benefits. *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1275–77 (11th Cir. 2006). The fees are from—not in addition to—the past-due benefits. 42 U.S.C. § 406(b)(1)(A).

The combined fees under §§ 406(a) and 406(b) may not exceed 25 percent of past-due benefits. *Dawson v. Finch*, 425 F.2d 1192, 1195 (5th Cir. 1970).

Under the EAJA, a court must order the United States to pay fees to a party who prevails against the United States, including in a social-security case, unless the United States' position was substantially justified or special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). The fees are based on the attorney's hours and rate, capped at $125 an hour (unless a special circumstance justifies more). 28 U.S.C. § 2412(d)(2)(A).

An attorney may obtain fees under both § 406(b) and the EAJA but must refund the lesser fees to the claimant, and may do so by deducting the EAJA fees from the § 406(b) petition. *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1274 (11th Cir. 2010). The EAJA savings provision states, "Section 206(b)(2) of the Social Security Act[1] shall not apply … if, where the claimant's attorney receives fees for the same work under both [§ 406(b) and the EAJA], the claimant's attorney refunds to the claimant the amount of the smaller fee." 28 U.S.C. § 2412 note, Pub. L. No. 99-80, § 3, 99 Stat. 183, 186 (Aug. 5, 1985).

The EAJA savings provision's reference to the amount of EAJA fees an attorney "receives" and direction to "refund … the amount of the smaller fee" indicate the provision applies (and the amount of the EAJA award offsets requested § 406(b) fees) only if the attorney received an EAJA award. *See* 28 U.S.C. § 2412 note. If the attorney never received an EAJA award because the Treasury Department used the EAJA award to pay the claimant's federal debts, there is no amount of EAJA fees "received," no risk of double recovery prohibited by § 406(b)(2), and no amount to "refund." *See Reeves v. Astrue*, 526 F.3d 732, 737 (11th Cir. 2008) (explaining the

---

[1]Section 206(b)(2) of the Social Security Act provides, "Any attorney who charges, demands, receives or collects for services rendered in connection with proceedings before a court to which paragraph (1) of this subsection is applicable any amount in excess of that allowed by the court thereunder shall be guilty of a misdemeanor." 42 U.S.C. § 406(b)(2).

3

savings provision "is not implicated … where the attorney never receives the proceeds of an EAJA award" because the Treasury Department diverted the proceeds to pay an outstanding debt); *Conner v. Colvin,* No. 13-cv-03324-KAW, 2016 WL 5673297, at *3 (N.D. Cal. Oct. 3, 2016) (unpublished) (holding claimant's attorney was not required to deduct EAJA award from requested § 406(b) fees because "counsel apparently did not receive that amount because the Department of [the] Treasury determined that Plaintiff owed an outstanding debt"; citing cases).

A court must follow the framework in *Gisbrecht v. Barnhart,* 535 U.S. 789 (2002), when evaluating an attorney's request for authorization to charge § 406(b) fees based on a contingent-fee arrangement. In *Gisbrecht*, the Supreme Court endorsed the use of contingent-fee arrangements in social-security cases but cautioned that § 406(b) "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." 535 U.S. at 807. The Court explained, "Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved." *Id.* at 808. A downward adjustment "is in order," the Court continued, if the representation was substandard, the attorney was responsible for delay that increased past-due benefits, or the "benefits are large in comparison to the amount of time counsel spent on the case," thereby creating a windfall to the attorney. *Id.*

The Court in *Gisbrecht* held that the claimant's attorney has the burden of showing that the requested fee "is reasonable for the services rendered." *Id.* at 807. And in assessing reasonableness, "the court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases." *Id.* at 808.

4

After *Gisbrecht*, to assess the reasonableness of requested fees, courts have also considered the risk of litigation loss, the difficulty of the case, the attorney's experience, the percentage of past-due benefits that the requested fees would consume, the value of the case to the claimant, and the claimant's consent to the requested fee. *Jeter v. Astrue*, 622 F.3d 371, 382 (5th Cir. 2010). On *Gisbrecht*'s windfall prohibition, the Fifth Circuit has explained: "[I]f a claimant's success on appeal can be attributed to his attorney's endeavors before the district court, then that attorney should reap the benefit of his work—even if he managed to accomplish a great deal in a small window of time. In this way, *Gisbrecht*'s 'windfall' does not preclude attorneys from recovering what may mathematically seem like a high fee award if the attorney's success on appeal is of his own making." *Id.* at 381.

**Analysis**

Harrington arrives at **$6578.50** as follows: **$12,578.50** (25 percent of Culin's past-due benefits of **$50,314**), minus **$6000** (the § 406(a) fees Dumas requested). Doc. 25 at 2.[2]

To satisfy her burden of establishing that the requested fees are reasonable, Harrington observes **$6578.50** is authorized by the contract between her and Culin and within the statutory limit and contends the risk of loss was substantial, he benefited from her significant experience in social-security cases (over 20 years), he obtained substantial past-due benefits (**$50,314**), she acted diligently, other courts

---

[2]Harrington asserts she does not have to deduct or refund the EAJA award because she did not receive it. Doc. 25 at 2. The EAJA award does not affect what Harrington may receive under § 406(b) because she did not receive the EAJA award. It is unclear whether Harrington received the $420.10 in costs awarded under the EAJA. Harrington does not mention the costs in the petition, *see* Doc. 25 at 2; Doc. 25-1 at 3, 16; the notice she provides showing application of the EAJA award to Culin's federal debts shows only the attorney's fees (totaling $3959.60) were diverted, *see* Doc. 25-5 at 1–2; and it is unclear whether Culin or Harrington paid the costs. Nevertheless, her potential receipt of costs for filing and service under the EAJA would not result in a double recovery prohibited by § 406(b)(2) because she does not request costs under § 406(b). Both § 406(b)(2) and the EAJA savings provision address attorney's fees. Because § 406(b)(2) is not implicated, the EAJA savings provision does not apply.

have approved higher fees for similar work, and the fee does not result in a windfall to her. Doc. 25-1 at 7–16.

The Court finds **$6578.50** is reasonable. Although this case was not more difficult or riskier than most (and Harrington does not claim otherwise), a reasonableness finding is warranted based on several factors combined: the § 406(a) and (b) fees together consume no more than 25 percent of Culin's past-due benefits; Harrington is an expert in social-security law; Harrington accepted the case despite the general risks of filing social-security cases after initial agency setbacks; Harrington exhibited diligence; and Culin succeeded with Harrington's help.

In making that finding, the Court is mindful of *Gisbrecht*'s instruction that a downward adjustment is in order if the benefits are large compared to the time spent on the case, *see Gisbrecht*, 535 U.S. at 808, and further mindful that Culin's past-due benefits were substantial (**$50,314**), Doc. 25-4 at 3, while Harrington's hours on the case were not (20.9 hours), Doc. 22 at 2, making her effective hourly rate presumably much higher than an ordinary hourly rate in the Jacksonville legal market for the same type of work by counsel with comparable skill and experience.[3] But based on the above facts, the Court attributes Culin's success in large part to Harrington's efficient endeavors in this case, making it appropriate for her to "reap the benefit of h[er] work." *See Jeter*, 622 F.3d at 380–81 (quoted).

**Conclusion**

The Court:

1.     **grants** the petition, Doc. 25; and

---

[3]Harrington states she does not perform work on a non-contingent basis and so "does not have a 'noncontingent hourly rate.'" Doc. 25-1 at 8, 12.

6

2. authorizes Harrington to charge Culin **$6578.50** in § 406(b) fees out of his past-due benefits award for her successful representation of him in this case.

**Ordered** in Jacksonville, Florida, on April 11, 2017.

*[signature]*

PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c: Counsel of record